## Case No. 16,578.

UNITED STATES v. TWO HORSES.

[9 Ben 529.] 1

District Court, E. D. New York. May, 1878.

INTERNAL REVENUE—FORFEITURE—SECTION 14 OF THE ACT OF JUNE, 1866—EVIDENCE—KNOWLEDGE OR INTENT.

1. Where distilled spirits, which were being conveyed contrary to law, upon a truck, were seized, and also the truck and horses were seized, and all proceeded against to obtain a decree of forfeiture, and a decree by default obtained against the spirits, but a defence interposed for the truck and horses: *Held*, that in a trial for the forfeiture of the truck and horses, the decree of condemnation entered against the spirits, by default, was not conclusive evidence against the owner of the truck and horses that the spirits were being removed with intent to defraud the revenue.

2. Knowledge or intent on the part of the owner of a conveyance used in transporting spirits subject to tax that are being removed contrary to law is not required to be shown in order to a forfeiture of such conveyance and by virtue of section 14 of the internal revenue act of 1866 [14 Stat. 151].

A. W. Tenney, U. S. Dist. Atty.

P. S. Crooke, for the owner of the property.

1 [Reported by Robert D. Benedict. Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

BENEDICT, District Judge. This case comes before the court upon a motion for a new trial. It is a proceeding in rem against two horses and a truck alleged to have become forfeited to the United States by virtue of section 14 of the act of July 13, 1866 (14 Stat. 151). The facts are as follows: This truck and horses, while engaged in conveying certain distilled spirits under circumstances of suspicion, were seized as forfeited to the United States. The spirits forming the load of the truck were also seized at the same time. The truck, horses, and spirits were all proceeded against by one information. The owner of the truck and horses asserted no interest in the spirits, but filed his claim to the truck and horses, and an answer denying the allegations of the information. No person appeared to claim the spirits, and they were accordingly adjudged forfeited by default, and have been condemned and sold as forfeited to the United States. The proceeding went to a trial as to the horses and truck before the jury, when a question arose which I have been requested in behalf of the claimant to re-examine upon this motion. The evidence on the part of the government showed that the spirits seized upon the truck, although branded as rectified spirits, were in fact raw spirits, and that these spirits had been condemned by default as forfeited to the United States by reason of having been removed with intent to defraud the United States of the tax thereon. The claimant offered evidence tending to show that the driver of the truck and horses, who was in this case the owner, had no knowledge of the fraudulent character of the spirits, or of any fraudulent intent in connection with the removal thereof, and had no intention, in carting the spirits, to aid in defrauding the government. This evidence was excluded, and a verdict for the government was directed, subject to the opinion of the court.

On the part of the United States the contention is that evidence having been given requiring the conclusion that the removal of the spirits in process of accomplishment by the claimant's truck at the time of seizure was for the purpose of defrauding the government of the tax, the forfeiture of the truck and horses must follow, and whether the owner of the truck knew the fraudulent character of the transaction in which he was engaged is an immaterial fact in a proceeding to forfeit the truck and horses under the statute referred to.

That it is competent to forfeit property by reason of its use in facilitating fraud without any guilty intent upon the part of the owner, has been settled by repeated decisions. The question in this case is whether the statute under consideration has made a guilty intent on the part of the owner of a conveyance which is used in the unlawful removal of spirits, to be a necessary fact, to be proved in order to make a case of forfeiture of such conveyance. I find no words in the statute that indicate an intention to make the knowledge

or intent of the owner of a conveyance which is used in transporting goods subject to tax that are being removed within the meaning of the 14th section of the act of 1866, with intent to defraud the United States of the tax, a material fact. The context seems to point to the opposite conclusion, for the cart and horses used in the removal are mentioned in connection with the casks containing the commodity, and both are made subject to forfeiture by the same words. It can hardly be supposed that proof of knowledge of the fraud on the part of the owner of casks used to transport spirits was intended to be required, as in most cases it would be wholly impossible to obtain such proof. If such proof of knowledge be not required in respect to the casks, it cannot be in respect to the cart and horses used in the removal. Furthermore the provision in respect to casks containing the commodity, and the cart and horses used in the removal, is by this section expressly made a general provision, applicable to every case where any goods shall be forfeited under this act or any other act of congress relating to the internal revenue; whence it must be inferred that the intent mentioned in the beginning of this section was not intended to be made a requisite of the forfeiture provided in respect to the casks, carts, and horses.

The reason why this express provision was made in respect to the forfeiture of things used in removing spirits contrary to law was to link the fate of the vehicle with that of the articles conveyed, in order to deter parties from putting their vehicles at the disposal of those who would be likely to use them for purposes of fraud. There are many instances of a similar intention in the statute. Thus, under the act of 1818 (3 Stat. 451, § 2), the forfeiture of the cargo of a vessel is made to depend upon the liability of the vessel herself to condemnation. So when a boiler was used for the purpose of illicit distillation by persons unknown to the owner, and without his knowledge, permission, or consent, it was held by this court and on appeal by the circuit court (Woodruff, J.) that the fact that the owner of the vessel was innocent, and had no knowledge of the use to which his boiler was put, did not relieve the boiler from forfeiture. U. S. v. Two Steam Boilers [Case No. 16,588], July 9, 1874. See U. S. v. Seven Barrels of Distilled Oil [Id. 16.253], and also U. S. v. Distilled Spirits [Id. 3,923], Blatchford, J. So the 12th section of the act of 1872 [17 Stat. 238] provides that when spirits which have been withdrawn and shipped for exportation shall be intentionally relanded, the spirits, the vessel from which the same were landed, and all boats, vehicles, horses, and other animals, used in relanding and removing such spirits, shall be forfeited. In respect to which statute Judge Woodruff remarks: "It is expected that the owner of property will see to the use made of it at his peril." U. S. v. Distillery at Spring Valley [Case No. 14.963].

There is yet another question suggested on the brief, but which I do not understand to be deemed of much importance in the present case, and that is whether the record of the condemnation of the spirits by default is conclusive as against the defendant to show that the spirits had become forfeited by reason of the removal with intent to defraud. My opinion is that the record of the condemnation by default is not conclusive against the defendant. The fact that no person appeared to claim the spirits, and that they were condemned by default, is competent evidence bearing upon the question of intent, but it is not conclusive in this proceeding. As the evidence stood I think the jury would properly find that the spirits when seized were being removed with intent to defraud, and the verdict was directed upon the idea that no controversy was intended upon that question; but if the claimant now desires to go to the jury upon that question, he may have a new trial to enable him to do so.